UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL SHOTWELL,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO<br><br>Respondent. | No. 2:22-cv-02176-TLN-EFB (HC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent moves to dismiss the petition as untimely. ECF No. 10. Respondent also maintains that ground six of the petition should be dismissed because it does not raise a cognizable federal claim. *Id.* As discussed below, the petition is untimely and the motion to dismiss must be granted.[1]

**I.   Background**

Petitioner is incarcerated at Mule Creek State Prison. ECF No. 1. He was convicted in Sacramento County Superior Court of assault, carjacking, dissuading a witness, vandalism, and two counts of vehicle theft; certain sentencing enhancements were also found true. ECF No. 9-2. On May 17, 2019, petitioner was sentenced to an indeterminate state prison term of fifty-two

---

[1] In light of the recommendation herein, respondent's request for an extension of time to file a reply brief (ECF No. 15) is denied as moot.

1

years to life, plus a consecutive determinate term of twenty-eight years and four months. ECF Nos. 9-1 & 9-2.

Pursuant to a timely appeal, the California Court of Appeal ordered the correction of a clerical error and affirmed the judgment on January 12, 2021. ECF No. 9-2. On March 24, 2021, the California Supreme Court denied review. ECF Nos. 9-3 & 9-4. Petitioner did not file any state collateral actions challenging the judgment.

Petitioner filed this action on December 2, 2022. ECF No. 1.

## II.     The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### a. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed. . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### b. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

### c. The Equitable Exception for Innocence

In addition, the statute of limitations is subject to an actual innocence exception.[2] A petitioner may have her untimely filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87, 394-95 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 399. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id*.

### III. Analysis

Respondent moves to dismiss the petition on the ground that it is untimely under AEDPA. For the reasons that follow, the undersigned agrees.

Here, the California Supreme Court denied review on March 24, 2021. ECF No. 9-4. Petitioner's state court judgment became final ninety days later, on June 22, 2021, after the time to seek review from the United States Supreme Court by way of a petition for certiorari ended.[3]

---

[2] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

[3] Respondent's motion states that petitioner had 150 days to file a petition for writ of certiorari, although respondent cites to caselaw and Supreme Court rules confirming that such filing must occur "within 90 days after entry of judgment." Supreme Court Rule 13-1. Regardless, petitioner's federal court petition was filed well after expiration of the one-year

3

*See Velasquez v. Kirkland*, 639 F.3d 964, 965 (9th Cir. 2011); Supreme Court Rule 13-1. Accordingly, unless the limitations period was tolled, petitioner's last day to file his federal petition was June 22, 2022, more than five months before he filed in this court on December 2, 2022. ECF No. 1.

### a.     Statutory Tolling and the Equitable Exception for Innocence

Petitioner does not argue that he is eligible for statutory tolling, and a review of his state filings confirms that he is not. Petitioner did not file any state post-conviction collateral actions within the one-year time period, and thus the applicable limitations period began to run on June 22, 2021.

Petitioner also does not argue he is entitled to an actual innocence exception to the tolling period, and there is nothing in the record indicating that such an exception is applicable here.

### b.     Equitable Tolling

Although petitioner acknowledges that his petition is untimely, he argues that he is entitled to equitable tolling because extraordinary circumstances prevented him from filing his federal habeas petition within the one-year statute of limitations. ECF Nos. 1 & 14. Specifically, petitioner maintains that he was not in possession of his legal file after March 29, 2022, when he was transferred from Salinas Valley State Prison to Mule Creek State Prison. ECF No. 1 at 16-34; ECF No. 14. Petitioner subsequently filed an administrative grievance to regain his legal files on June 10, 2022. ECF No. 1 at 26-28. He filed an additional grievance on July 15, 2022. *Id.* at 21-24.[4] On October 16, 2022, petitioner's grievance was granted. *Id.* at 32. The decision states that petitioner "should contact the sending institution regarding the status of your property" and orders that the grievance be reassigned to Salinas Valley State Prison "to address the aforementioned claim concerning appellant's property." *Id.* It is unclear from the documentation provided by petitioner or from his pleadings when he received his legal documents; he filed his federal petition December 2, 2022. ECF No. 1.

---

AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

[4] Petitioner has provided documentation of his grievances, CDCR's receipts acknowledging the grievances, and other relevant correspondence.

4

Deprivation of legal materials may be grounds for equitable tolling. *Waldron-Ramsey,* 556 F.3d at 1013. Petitioner, however, "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition" after it was due. *Id.; see also Holland,* 560 U.S. at 649. This petitioner cannot do.

To begin with, petitioner cannot demonstrate that he pursued his rights diligently. The record confirms that petitioner did file grievances with the CDCR requesting the legal material that he alleges was not transferred with him to Mule Creek State Prison. Petitioner, however, was transferred on March 29, 2022, and he did not file his first grievance until more than two months later, on June 10, 2022. ECF No. 1 at 26-28. Petitioner has not explained why he delayed in filing his initial grievance regarding his legal materials.

In addition, petitioner cannot demonstrate that the temporary lack of access to his legal file was an extraordinary circumstance that prevented him from filing his petition in a timely matter. Petitioner had possession of his legal documents until he was transferred to Mule Creek State Prison on March 29, 2022.[5] He has not demonstrated that he was unable to prepare a federal habeas petition during the significant amount of time he did have access to his legal files.[6] In addition, while petitioner might have faced some difficulty developing his claims without possession of his records, "he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . . and then sought to amend his petition when he got more information." *Waldron-Ramsey*, 556 F.3d at 1014. Given that petitioner acknowledges that he had his legal files until March 29, 2022, and that he did not file a grievance requesting the documents that did not accompany him during his prison transfer until more than two months later, petitioner is unable to demonstrate the diligence and extraordinary circumstances required to justify equitable tolling. *See id.*

---

[5] Petitioner states in his opposition to respondent's motion to dismiss that "prison officials packed and maintained control of petitioner's personal property, i.e., all legal and personal papers", on March 29, 2022. ECF No. 14 at 2.

[6] Given that the California Supreme Court denied review on March 24, 2021, petitioner had more than a year to prepare his federal habeas petition before he was transferred on March 29, 2022.

5

### IV. Order and Recommendation

In accordance with the above, it is ORDERED that respondent's request for an extension of time to file a reply brief (ECF No. 15) is denied as moot.

Further, it is RECOMMENDED that:

1. Respondent's motion to dismiss the petition for writ of habeas corpus on untimeliness grounds (ECF No. 10) be granted.[7]
2. The petition for writ of habeas corpus (ECF No. 1) be dismissed with prejudice as untimely and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: June 5, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7] Because the petition in its entirety must be dismissed on untimeliness grounds, the court does not reach respondent's argument that ground six of the petition should also be dismissed because it does not raise a cognizable federal claim.